UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHN MAX ANTHONY BROWN,

    Plaintiff,

v.                                               Case No. 3:21cv2921-MCR-HTC

WILLIAM "RICH" POWELL,
 ESCAMBIA COUNTY BOARD
 OF COUNTY COMMISSIONERS, and
 ESCAMBIA COUNTY SHERIFF'S OFFICE,

    Defendants.
_____/

<u>ORDER AND
REPORT AND RECOMMENDATION</u>

Plaintiff John Max Anthony Brown, proceeding *pro se* and *in forma pauperis*, initiated this action in November 2021, by filing a complaint seeking to assert claims under 42 U.S.C. § 1983, based on the conditions of his confinement at the Escambia County Jail (the "Jail"). ECF Doc. 1. After reviewing the complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, the Court issued an order advising Plaintiff that his complaint failed to state a claim and giving Plaintiff an opportunity to file an amended complaint. ECF Doc. 5. On or about January 6, 2022, Plaintiff filed an amended complaint, focusing primarily on insufficient COVID-19 protocols at the Jail. ECF Doc. 6.

Since the filing of the amended complaint, Plaintiff was transferred from the Jail. Based on the Court's review of the Escambia County Jail Inmate Locator and the Florida Department of Corrections ("FDOC") Inmate Locator portals, it appears that, as of January 26, 2022, Plaintiff became an inmate of the FDOC and is incarcerated at Northwest Florida Reception Center Annex.[1] Plaintiff, however, did not update the Court with a current address as he is required to do.

Because of Plaintiff's release from the Jail, the Court issued a show cause order on February 9, 2022, directing Plaintiff to show cause if he still wanted to prosecute this action *and* update the Court with his new address. As a matter of courtesy, the Court directed the clerk to send a copy of the Show Cause Order to the Plaintiff at NWFRC and also to the Jail. Although the Order was returned from the Jail; it was not returned from NWRFC. Nonetheless, Plaintiff did not respond to the Show Cause Order and his time to do so has passed. Thus, the undersigned recommends this action be dismissed for failure to prosecute and failure to follow orders of the Court.

This Circuit has routinely held that "dismissal upon disregard of an order, especially where the [Plaintiff] has been forewarned, generally is not an abuse of discretion." *See e.g., Saint Vil v. Perimeter Mortg. Funding Corp.*, 715 F. App'x

---

[1] *See* http://www.dc.state.fl.us/offenderSearch/detail.aspx?Page=Detail&DCNumber=P49832&TypeSearch=AI.

Case No. 3:21cv2921-MCR-HTC

912, 915 (11th Cir. 2017) (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). This is because "even a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980).

Also, Plaintiff's failure to provide a current address to the Court is a second ground for dismissal of this action. *See Gilbert v. Daniels*, 725 F. App'x 789, 792 (11th Cir. 2018) (affirming District Court dismissal of case "[b]ecause [plaintiff] failed to update the court of his address change or his detention, and that failure led to [his] lack of compliance with the order to amend his complaint."); *McDowell v. Ham*, No. 5:09CV31/MCR/MD, 2010 WL 1417723, at *2 (N.D. Fla. Mar. 3, 2010), *report and recommendation adopted*, 2010 WL 1417720 (N.D. Fla. Apr. 7, 2010) (dismissing case because, through the Notice to Pro Se Litigant, "Plaintiff has been on notice of his duty to advise the court of any change in his mailing address, as well as his duty to apprise opposing counsel virtually since the commencement of his case").

Finally, Plaintiff has not filed anything with the Court since initiating this action approximately four (4) months ago. Under Rule 41(b) of the Federal Rules of Civil Procedure, a court may dismiss a claim where a Plaintiff has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman v. St. Lucie*

*Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011); *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)).  A district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

IT IS ORDERED:

1. As a matter of courtesy only, the clerk shall send a copy of this Order to Plaintiff at:  **Northwest Florida Reception Center Annex (Male), 4455 Sam Mitchell Drive, Chipley, Florida, 32428-3501**, and identify the Plaintiff's inmate number as **P49832**.  The clerk, however, shall not update Plaintiff's address on the electronic docket until it receives a notice of change of address from the Plaintiff.

ACCORDINGLY, it is respectfully RECOMMENDED:

1. That this case be DISMISSED WITHOUT PREJUDICE for failure to prosecute and failure to comply with Court orders.

2. That the clerk be directed to close the file.

Done in Pensacola, Florida, this 7th day of March, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

Case No. 3:21cv2921-MCR-HTC

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.